UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON JOFFRION | CIVIL ACTION |
| VERSUS | NO. 09-6675 |
| JAMES J. ARNOLD and<br>SEWARAGE AND WATER BOARD<br>OF THE CITY OF NEW ORLEANS | SECTION "C" (1) |

**ORDER AND REASONS**[1]

Before the Court is defendant James Arnold's ("Arnold") and Sewarge and Water Board of the City of New Orleans' ("SWB") motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Rec. Doc. 3). Having considered the record, the memoranda of counsel and the law, defendants' motion is GRANTED for the following reasons.

BACKGROUND

Plaintiff Clayton Joffrion ("Joffrion") brings suit under 42 U.S.C. § 1983 alleging a denial of due process and equal protection under the law. In June 2008, Joffrion applied for a plumbing permit from the SWB, seeking a permit in order to personally repair his Hurricane Katrina-damaged home. (Rec. Doc. 9). The SWB Plumbing Code, section 2.2.6, provides the

---

[1] Kayvon Sarraf, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

1

SWB discretion when issuing a permit.[2] Arnold, the SWB's Supervisor of Plumbing, denied Joffrion a permit, concluding after a meeting that he was not competent to personally re-plumb his house. (Rec. Doc. 3). Joffrion then filed a Petition for Writ of Mandamus in the Civil District Court for the Parish of Orleans requesting that the SWB be ordered to issue him a permit. (Rec. Doc. 1 at 6-7). The court denied the petition, stating that Joffrion's administrative remedies had not been exhausted and suggested that he appeal to the SWB's Plumbing Conference Committee. (Rec. Doc. 1 at 7). Joffrion then appealed the SWB's denial of a permit to the SWB Plumbing Conference Committee, pursuant to the SWB plumbing Code section 2.1.3.[3] The committee consists of the SWB General superintendent (a professional engineer), the SWB Plumbing Supervisor (a licensed plumber), four members of the SWB, one licensed plumber, one journeyman plumber and one member of any allied plumbing or engineering trade or profession. (Rec. Doc. 3). On October 7, 2008, the Plumbing Conference Committee met and heard Joffrion's appeal, voting to uphold the decision denying Joffrion a plumbing permit. (Rec. Doc. 1 at 12).

---

[2] Section 2.2.6 PLUMBING INSTALLATION OR MAINTENANCE BY HOME OWNER – A permit may be issued to any person owning his own home and living therein, for plumbing work to be done or installed in the said home; provided, that the home consists of a single dwelling; that the owner shall personally purchase all materials and shall personally perform all labor in connection with said work or installation; that he complies with all the rules and regulations contained in the plumbing code of the Sewarage and Water Board; that he obtains and pays for a permit to do said work, and pays required fees; and that he first satisfactorily passes an examination, to be conducted by the Examining Committee of the Sewarage and water Board, that he understands the particular work that he proposes to execute.

[3] Section 2.1.3 – SUPERVISOR OF PLUMBING – there shall be a Supervisor of Plumbing who will be in charge of the Plumbing Department of The Sewarage and Water Board. Guided by the decisions of the Plumbing Conference Committee, the Supervisor of Plumbing shall be responsible for the enforcement of this code through approval of plans, test and inspections. He shall be responsible for the practical application of this code and make decisions specifically provided for herein. Should any difference of opinion arise concerning his application and enforcement of the rules of this code, the person questioning his decision must, within 10 days, appeal in writing, stating full particulars of disputed points clearly to the plumbing Conference Committee, forwarding a copy of his appeal to the Supervisor of Plumbing; otherwise the decisions of the Supervisor will prevail. The Plumbing conference Committee shall answer the appeal, rendering a decision within 10 days after receipt.

DISCUSSION

*a. Standard of review*

Federal Rule of Civil Procedure 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. *Id.* The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action. *Id.*

*b. Denial of Permit Application*

Joffrion claims that he was denied due process under the Fourteenth Amendment, arguing that the refusal of the SWB to issue him a permit was arbitrary and capricious, and done specifically to deny him a permit. (Rec. Doc. 1 at 5). He further claims that he was denied due process because the SWB Plumbing Conference Committee defers to Arnold, the Supervisor of Plumbing, on contested issues and consists of members who are politicians and officials who have no genuine knowledge of the plumbing codes. (Rec. Doc. 1 at 14).

In order to find a denial of procedural due process, the deprivation of interests must fall within the Fourteenth Amendment's protection of liberty and property. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). The Fourteenth Amendment's procedural protection of property is a safeguard of security of interests that a person has already acquired in specific benefits. *Id.* at 576. To have a property interest in a benefit, a person must have more than an

abstract need or desire for it. *Id.* at 577. He must have more than a unilateral expectation of it. *Id.* He must, instead, have a legitimate claim of entitlement to it. *Id.* Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. *Id.*

In determining whether individuals have a protected property interest, courts look to whether the administrative body has discretion to provide the benefit. A benefit is not a protected entitlement if government officials may grant or deny it in their discretion. *Ridgely v FEMA*, 512 F.3d 727, 735 (5th Cir. 2008) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005)). The best way to determine whether discretion exists is to look to the independent source of the law or regulation. *See Ridgely*, 512 F.3d at 735.

In the present case, the SWB Plumbing Code Sections 2.2.6 and 2.1.3 shows that Joffrion does not possess a protected property interest. The SWB has the discretion to provide plumbing permits to those who it believes are qualified to do so in order to protect the health, safety and general public welfare. While Joffrion does possess an abstract need for the permit, it cannot be said that he has a legitimate claim of entitlement to one. No property interest is provided by the SWB regulations in this case and it must thus be found that Joffrion cannot allege a denial of due process.

Joffrion also alleges that he has been denied equal protection of the laws under the Fourteenth Amendment because the SWB treats him differently from licensed plumbers. (Rec. Doc. 1 at 18). He argues that if an application by a licensed plumber were denied or if a plumber's work failed inspection, the SWB would have a policy of allowing the plumber to re-

4

submit an application and correct the defect. (Rec. Doc. 1 at 18).

In analyzing equal protection claims, it is first necessary to determine the applicable standard of review. When a challenged regulation affects members of a suspect class or restricts a fundamental right, heightened scrutiny is used and the regulation will be upheld only if it is narrowly tailored to protect an important governmental interest. *Shapiro v. Thompson*, 394 U.S. 618, 634 (1969). State action that does not affect a suspect class must simply bear a rational relationship to a legitimate governmental interest. *Dandridge v. Williams*, 397 U.S. 471, 485 (1970).

In the present case, because there is not a fundamental right to perform plumbing work and because non-licensed plumbers are not a suspect class, the rational basis test is the appropriate standard of review. *Parham v. Hughes*, 441 U.S. 347, 351 (1978). The SWB has a legitimate interest in protecting the public health, safety, and welfare, and its regulations bear a rational relationship to this interest. Because Joffrion does not allege that a difference in treatment was motivated by his membership in a protected class nor that it burdened a fundamental right, his equal protection claim fails. *See Weiler v. Purkett*, 137 F.3d 1047, 1052 (8th Cir. 1998).

*C. Attorney's Fees and Sanctions*

Defendants seek attorney's fees under 42 U.S.C. § 1988 and sanctions under Rule 11, arguing that the action by Joffrion is frivolous. Prevailing defendants are held to a higher standard in seeking an award of attorney's fees in civil rights cases than are prevailing plaintiffs. *Dyson v. Sposeep,* 637 F. Supp. 616, 622 (N.D. Ind. 1986). The strict standard imposed upon prevailing defendants is meant to insure that no chilling effect is imposed upon plaintiffs seeking

to vindicate their civil rights who might be otherwise hesitant to file suit for fear of a large fee award against them. *Vandenplas v. City of Muskego,* 797 F.2d 425, 429 (7th Cir. 1986).

For these reasons and given the short duration of this litigation, as well as a lack of evidence on the part of Defendants that Joffrion's action was meant to be vexatious, frivolous, or brought to harass the defendants, the Court finds that an award of attorney's fees and sanctions would be inappropriate in these circumstances.

Accordingly,

IT IS ORDERED that defendant James Arnold and Sewarge and Water Board's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED.

New Orleans, Louisiana, this 26th day of April, 2010.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE